**UNITED STATES of America,**
**Appellee,**

v.

**Emelda SMITH, Appellant.**

**No. 25031.**

United States Court of Appeals, Ninth Circuit.

May 6, 1970.

Rehearing Denied June 8, 1970.

Howard R. Lonergan (argued), Portland, Or., for appellant.

Sidney I. Lezak (argued), U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and BOLDT, District Judge.*

PER CURIAM:

The judgment appealed from is affirmed.

On the point of failure of proof, whatever shortage of direct evidence there is, sufficient circumstantial evidence is found to give the necessary inferences and to find guilt beyond a reasonable doubt. Also, disbelief by the jury of defendant's testimony would here present some damaging affirmative inferences.

The decision in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), vitiates in this heroin case defendant's point on the application of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

The trial court gave an instruction on aiding and abetting to which objection was made. We are inclined to believe that the instruction was not inappropriate, but if it was not required, we would consider it really harmless.

ORDER ON PETITION FOR RE-HEARING

PER CURIAM:

The petition for rehearing is denied. See United States v. Arcuri, 2 Cir., 405 F.2d 691; Dyer v. MacDougall, 2 Cir., 201 F.2d 265, and United States v. Ford, 2 Cir., 237 F.2d 57.

Appellant relies on our case of Murray v. United States, 9 Cir., 403 F.2d 694. We think the case is right in reversing the conviction as to Lonnie Murray. Certainly disbelief of his and his brother's testimony could not lead to an inference of all of the elements of the crime as to Lonnie. Disbelief of Lonnie's testimony might lead to the inference that Lonnie knew his brother, Johnnie, was carrying the heroin. But still it could not be used as proof of joint enterprise which was necessary to convict Lonnie.

* The Honorable George H. Boldt, Western District of Washington.

Johnnie Murray was convicted. The heroin was taped to him, hidden from view. His conviction was sustained, although he testified he did not know the contents of the rubber taped to him.

It is submitted that there must have been an affirmative inference allowed from disbelief of Johnnie's testimony as to knowledge. It tended to corroborate the inferences drawn from the furtive secreting of the heroin: to wit, Johnnie knew it was contraband. The case is right on its facts.